UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated,

                               Plaintiff,

    -against-

DOYLE & BROUMAND, LLP.

                               Defendant.
------------------------------------------------------------------X

07 CV 10668

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. Plaintiff Mamba Goumbala (hereinafter "Goumbala") is a resident of the State of New York, Bronx County. On or about August 30, 2007, plaintiff received and came into contact with a form Three Day Demand from defendant at plaintiff's home address dated August 24, 2007. **Exhibit A**.

5. Defendant Doyle & Broumand, LLP is a Domestic Registered Limited Liability Partnership located in the Bronx, New York. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-20, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Doyle & Broumand LLP.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10), 1692e(11), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about August 29, 2007, defendant mailed a Three Day Demand addressed to Mamba Goumbala. The letter demanded payment of a debt allegedly owed by plaintiff to Carol Gardens Assoc., described as Landlord. The letter was enclosed in an envelope bearing the return address LAW OFFICES OF DOYLE & BROUMAND, LLP, 3162 Albany Crescent 2nd Floor, BRONX, NEW YORK 10463. A copy of said demand and envelope are annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The Three Day Demand violated numerous provisions of the FDCPA by failing to notify the consumer of his right to dispute the validity of the debt and the right to demand verification of the debt as provided by 15 U.S.C. § 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

18. The collection letter further violated the FDCPA, by failing to disclose that the communication was from a debt collector by failing to recite as required by 15 U.S.C. § 1692e(11), that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

19. Defendant's Notice is deceptive as provided by 15 U.S.C. § 1692e(10), in that it fails to provide contact information for the consumer to post a dispute.

20. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: November 29, 2007
      Uniondale, New York

                                            Abraham Kleinman (AK-6300)
                                            KLEINMAN LLC
                                            626 RexCorp Plaza
                                            Uniondale, New York 11556-0626
                                            Telephone  (516) 522-2621
                                             Facsimile  (888) 522-1692

**Exhibit A**

**LAW OFFICES OF**
**DOYLE & BROUMAND, LLP**
3152 Albany Crescent 2nd Floor
BRONX, NEW YORK 10463
ADDRESS CORRECTION REQUESTED

1047342812



02 1P
0002402066  AUG 29 2007
MAILED FROM ZIP CODE 10471
$00.41

DEMAND FOR RENT
NOTICE TO TENANT

AUGUST 24, 2007

TO:

MAMBA GOUMBALA
820 THIERIOT AVENUE    14G
BRONX, NEW YORK 10473

TENANT OF THE ABOVE PREMISES:

TAKE NOTICE, THAT YOU ARE JUSTLY INDEBTED TO THE LANDLORD OF THE ABOVE-DESCRIBED PREMISES AS SET FORTH BELOW, WHICH YOU ARE REQUIRED TO PAY ON OR BEFORE THE EXPIRATION OF THREE (3) DAYS FROM THE DAY OF SERVICE OF THIS NOTICE, OR SURRENDER UP THE POSSESSION OF SAID PREMISES TO THE LANDLORD, IN DEFAULT OF WHICH THE LANDLORD WILL COMMENCE SUMMARY PROCEEDINGS UNDER THE STATUTE TO RECOVER THE POSSESSION THEREOF.

TAKE FURTHER NOTICE, THAT PURSUANT TO SAID AGREEMENT, THERE IS DUE TO LANDLORD FROM TENANT THE FOLLOWING:

LATE 10.00, RENT JUY07 BAL 900.00, AUGUST07 1121.00 TOTAL 2031.00

BY: _____
AGENT

FOR: __CAROL GARDENS ASSOC.__
LANDLORD