Submitted by:

Michael B. Doyle, Esq. (MBD 5803)
DOYLE & BROUMAND, LLP
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated

                              Plaintiff

        Against

DOYLE & BROUMAND, LLP

                            Defendant
-------------------------------------------------------

RETURN DATE:
January 16, 2008
Case Number
CV 10668/07

Case Assigned:
Judge Gerard E. Lynch

**NOTICE OF MOTION**

## NOTICE OF MOTION FOR ORDER
## TO DISMISS

**PLEASE TAKE NOTICE,** that upon the annexed affidavit of Michael B. Doyle, duly sworn to the 19th day of December 2007, the affidavit of Peter Zabel, duly sworn to the 19th day of December 2007, and upon all the pleadings and proceedings heretofore had herein, the undersigned will bring the above motion on for hearing before this Court at Room 910, United States Court House, 500 Pearl Street, City of New York, on the 16th day of January

2008**, at 9:30 A.M. o'clock** in the forenoon of that day or as soon thereafter as counsel can be heard for an order to dismiss the action pursuant to FRCP 12(b)(6) for failure to state a claim for which relief may be had, and for such other and further relief as the Court may deem just and appropriate.

DATED:  BRONX, NEW YORK
        DECEMBER 19, 2007

                                           DOYLE & BROUMAND, LLP

                                           ___s/ Michael B. Doyle___
                                           Michael B. Doyle, Esq. (MBD 5803)
                                           3152 Albany Crescent
                                           Bronx, New York 10463
                                           (718) 796-2210
                                           Attorneys for Defendant


TO:  KLEINMAN LLC
     626 Rexcorp Plaza
     Uniondale, New York 11556-0626

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated           Case Number
                                                        CV 10668/07
                    Plaintiff

                                                        **AFFIDAVIT**
           Against                                      **IN SUPPORT**

DOYLE & BROUMAND, LLP

                    Defendant
-------------------------------------------------------
STATE OF NEW YORK      )
COUNTY OF BRONX        )    ss.:

**MICHAEL B. DOYLE,** being duly sworn deposes and says,

1.  I am a member of the Defendant and make this affidavit in support of the Defendant's motion to dismiss this action which seeks to create a "class" action and sue my firm for perceived alleged violations of the Fair Debt Collections Practices Act (FDCPA), namely, Title 15 USC sections 1692(e) and (g) (among other unnamed nor yet "created" allegations), complaint **Exhibit 1**.

2.  I called and left a message for counsel but he didn't get back to me until December 17, 2007, and seemed disinterested in resolving the claims, which do not exist.

**ALLEGATION**

3. The main allegation is contained in paragraph 15 of the complaint, namely,

> …Starting or about August 29, 2007, defendant mailed a Three Day Demand addressed to Mamba Goumbala. The letter demanded payment of a debt allegedly owed by plaintiff to Carol Gardens Assoc., described as Landlord. The letter was enclosed in an envelope bearing the return Address LAW OFFICES OF DOYLE & BROUMAND, LLP, 3162 Albany Crescent 2nd Floor, BRONX, NEW YORK 10463…

4. This is a false statement as we did not mail the demand, made, not by a debt collector, but by Plaintiff's landlord, and signed by Plaintiff's landlord, the owner of the building.

5. The demand was mailed by a process server named Peter Zabel, NYC Department of Consumer Affairs license number 744100, his affidavit is annexed hereto and made part hereof.

6. The document has nothing on it relative to my firm as it is not from us but from the landlord and is required prior to commencing a summary proceeding for nonpayment of rent under Article 7 of the New York State Real Property Actions and Proceedings Law (RPAPL).

7. It is my opinion that the Plaintiff isn't a "consumer" under the Statute and the landlord "demanding" the rent, ONLY to be in compliance with the RPAPL, is not seeking a "debt" nor is the landlord a "debt collector" (FDCPA makes it clear that the landlord is not a "debt collector"). In fact, if the RPAPL did not require that if a written demand be used that it be served by a process server in the same manner as a Petition/Notice of Petition, then no demand would have been necessary nor sent.

8. I say my opinion because there are some cases that have, I believe, erroneously, confused actions to collect rent with consumer debt collection practices. Clearly if Congress, in its wisdom, wanted to include landlords and tenants and the paying and nonpaying of rent it could and should have simply added that in the definitions portion of the statute. It did not and that failure should be sufficient, alone, to require dismissal of this action.

9. In any event the letter was mailed by Mr. Zabel, a duly licensed process server as legal process and, he is **not** a debt collector under the Statute, see 15 USC 1692(a)(6)(D), but more important is that Defendant did not mail it. The basic allegation is false.

10. Apparently, Mr. Zabel used one of our envelopes in mailing the notice to the Plaintiff (see Zabel affidavit). He can and does use our envelopes with our return address on it to mail the Petitions and Notice of Petitions, the "summons and complaint" in summary proceeding under the RPAPL.

11. It should be noted, if the envelope were blank (no return address at all) or if it did not have our name on it, but our address or if it had the landlord's name instead of ours, then no one could make even this weak argument under the FDCPA. In other words the process server has every right in the world to serve the required demand from the tenant's landlord - there can be no question about it.

12. The landlord's demand is not a "communication in connection with debt collection" (15 USC 1692(c)); nor is it harassment or abuse (15 USC 1692); nor is it false or misleading representation (15 USC 1692(e)), being actually signed by the landlord with no notation nor mention of any other person or entity, only the landlord; nor does it represent an "unfair practice" (15 USC 1692(f)); nor is there any requirement for "validation" of debt (15 USC 1692(g)). In fact it appears that the Plaintiff paid the rent within the five (5) days the FDCPA mentions,

> …(a) Within five days after the initial communication…
> shall, unless…the consumer has paid the debt…
> 15 USC 1692(g)(a).

Hence, there never came due any requirement relative to "validation of debt" even if Plaintiff were a consumer and the landlord and his process server were viewed to be debt collectors, and they are not.

13. Of course as the Plaintiff paid the rent what could possibly be the damages?

14. Of course the complaint does not allege that Plaintiff did not owe the rent.

15. Of course the complaint does not allege the rent was an improper amount.

16. Of course the complaint does not allege that Plaintiff had *ANY* contact with the Defendant.

17. Of course the complaint does not allege any "confusion" by Plaintiff, he knew he owed his rent and when reminded by the landlord, he paid.

18. While admitted to practice in this district of federal court, my experience is very limited, but it seems impossible that someone could be allowed to commence this type of action without any knowledge that there are any damages.

19. The complaint alleges, in support of its quest for class certification that there are common questions of law and fact, including,

> …(b) Whether plaintiff and the Class have been injured by defendant's conduct;
> (c) Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and…
> **Exhibit 1** Paragraphs 9 (b) and (c).

20. How can an attorney, who is seeking his own personal monetary gain, commence this action with no knowledge of any damages to anyone, in the zeal to be awarded legal fees, regardless of the facts? It is quite a system that allows this where

there is no harm to plaintiff nor anyone else, but I suppose as attorneys we have few, if any, rights and fewer still supporters.

21. Clearly the actions of Congress in attempting to stop people from bullying consumers and threatening them with violence, etc., etc., is a far cry from Plaintiff, apparently, not paying his rent, (Defendant did not state he owed anything, only the landlord did), receiving the landlord's required RPAPL rent demand from a duly licensed process server and then paying the landlord within five days. Those are the facts here. The process server's affidavit of service of the demand is also annexed hereto as **Exhibit 2**, showing he went on August 27, 2007 and again on August 28, 2007 affixed the process to the door and then on August 29, 2007, **he** mailed another copy to the plaintiff – not us. Plaintiff then paid the landlord (not us) the rent, ending the matter. What is the abuse here that is being attempted to be cured? Quite simply, from the Defendant there is and can be none. There is no claim because we did nothing. We didn't sign the demand. We didn't serve it.

22. It should be noted that many times the process server will actually find the tenant at home and personally serve the tenant, in which case there would be no mailing. If there were no mailing, then the process server wouldn't have additionally mailed the landlord's demand. Would anyone even be able to allege that under those facts the FDCPA came into play? Clearly not, the result here must be the same, requiring dismissal of the complaint.

23.  Defendant did not issue nor execute the demand, the landlord did and signed it.

24.  Defendant did not mail nor serve the demand, a licensed process server did.

25.  Plaintiff not only was not damaged, but paid within the five (5) days of FDCPA and does not even know if he could be damaged.

26.  The statement in the complaint by counsel, is very irresponsible and based on no facts of any kind when he states,

> The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.
> **Exhibit 1,** paragraph 8.

27.  Counsel has no clue, but I guess he must make that statement to even attempt to allege some claim.  I'd like to see the documents he had before him, before he signed this complaint under the penalties of Rule 11.  He clearly is just guessing.

28.  There never was a claim here and the complaint should be dismissed because the Defendant did not send out the allegedly offending notice but a duly licensed (and protected from FDCPA actions) process server did of a required RPAPL notice sent by Plaintiff's landlord not a debt collector.

29. There has been no prior application for the relief requested herein.

**WHEREFORE,** Defendant prays that the complaint be dismissed in its entirety and for such other and further relief as this Court deems appropriate.

                    ___*s/ Michael B. Doyle*_____
                    MICHAEL B. DOYLE (MBD 5803)

Duly Sworn To Before Me This
19th Day if December 2007

*Barbara Cybulski*
Barbara Cybulski
Commissioner of Deeds
City of New York- No. 3-5080
Certified in Bronx County
Commission Exp. Nov. 1, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated      Case Number
                                                         CV 10668/07
                          Plaintiff

                                                         **AFFIDAVIT**
                    Against                                 **IN SUPPORT**

DOYLE & BROUMAND, LLP

                          Defendant

-------------------------------------------------------

STATE OF NEW YORK    )
COUNTY OF BRONX     )   ss.:

      PETER ZABEL being duly sworn, deposes and says:

1.     I am a licensed process server by the NYC Department of Consumer Affairs license number 744100.

2.     I have been a licensed process server for over thirty years.

3.     I am not an employee of the Defendant but I am an independent contractor who works for many law firms, including the Defendant.

4.     On August 27, 2007, I attempted to serve the Plaintiff personally at the apartment located at 820 THIERIOT AVENUE, Apartment 14G, Bronx, New York 10473 with a demand for rent from Carol Gardens Associates and signed by Kevin Williams, the management agent for the landlord.  No one answered and I left.

5.     I came back the next day, August 28, 2007 and again attempted to personally serve the Plaintiff, but, again no one answered the door.  Thereupon I affixed the notice to the door as I am required to pursuant to the law.

6.     The next day, on August 29, 2007 I mailed another copy of the rent demand to Plaintiff.  Normally I would have used a blank envelope, or one with just a return address on it with no name to indicate who the sender was, but in looking at the

Exhibit to the complaint it appears I clearly made a mistake and used the envelopes I usually only use for mailing copies of the Petitions and Notices of Petitions. This was a mistake by me and I'm sorry if it created any problems for anyone.

7.   I am not an employee of the Defendant and no employee nor member of Defendant had anything to do with my mailing that envelope as part of my job in serving that process on the Plaintiff from the landlord.

8.   I then prepared and executed the attached affidavit of service, **Exhibit 2**.

        _____*s/ Peter Zabel*_____
        PETER ZABEL

Duly Sworn To Before Me This
19th Day of December 2007.

*S/ Barbara Cybulski*
_____
Notary Public
BARBARA CYBULSKI
Commissioner of Deeds
Certificate Filed in Bx County
Commission Exp. On Nov. 1, 2009
Submitted by:

Michael B. Doyle, Esq. (MBD 5803)
DOYLE & BROUMAND, LLP
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
MAMBA GOUMBALA, on his own behalf

RETURN DATE:
January 16, 2008

and on behalf of all others similarly situated          Case Number
                                                        CV 10668/07
                    Plaintiff

                                                        Case Assigned:
          Against                                       Judge Gerard E. Lynch

DOYLE & BROUMAND, LLP

                    Defendant
--------------------------------------------------------


# MEMORANDUM OF LAW

Defendant law firm moves to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim for which relief may be had of Plaintiff's complaint alleging violations of the Fair Debt Collection Practice Act ("FDCPA") based on an allegation that Defendant law firm MAILED a three day

demand for rent signed by Plaintiff's landlord. However, as Defendant law firm did not mail the demand, but a licensed process server did, there can be no claim and the complaint, which seeks "class" certification as well, must be dismissed.

The fact are set forth in the affidavits of Defendant and Peter Zabel, the duly licensed process server who actually mailed the three day demand.

**POINT ONE**   **UNLIKE *ROMEA* WHERE THE DEMAND CAME FROM DEBT COLLECTOR/LAWYER THE DEMAND HERE CAME FROM THE LANDLORD**

In ***Romea v. Heiberger & Associates***, 988 F. Supp. 715 (S.D.N.Y 1998), aff'd 163 F.3d 111 (2d Cir. 1998) both the lower court and the Second Circuit Court of Appeals found that a rent demand notice, required by the New York State Real

Property Actions and Proceedings Law ("RPAPL") executed by and mailed by the landlord's attorneys, preparatory to commencing an action under the RPAPL was violative of the FDCPA.  Whether one agrees with the Court's decision that the demand is not legal process, although a required condition precedent to commencing an action, or that lawyers who engage in commencing actions on behalf of landlords are "debt collectors", is irrelevant to the facts that require dismissal here.

Here the Defendant did not execute the demand, the landlord, who is allowed to under the Statute, did, see FDCPA 15 USC 1692 (a)(6)(A).

Here, contrary to the false allegation of Plaintiff, the Defendant did not mail the demand, a duly licensed process server did, someone who is exempt under the Statute from being sued, see FDCPA 15 USC 1692(a)(6) (D).

As the Defendant did none of the complained of acts, there is no claim and the complaint must be dismissed.


**POINT TWO**         **PLAINTIFF PAID WITHIN FIVE (5) DAYS OF RECEIVING THE LANDLORD'S DEMAND FOR RENT SERVED ON HIM BY A LICENSED PROCESS SERVER, ELIMINATING A CLAIM FOR "VALIDATION OF DEBTS"**

The Statute requires a "validation of debts" if the notice is from a debt collector (here it is not) unless the debt is paid within five (5) days, see 15 USC 1692(g).  Here Plaintiff paid within five (5) days.  Here the notice was not **from** a debt collector but

directly **from** his landlord.  Here the notice was not sent from some debt collector, but by a licensed process server.

The sole basis of the claim is the false allegation that Defendant mailed the three-day notice and it did not.

**CONCLUSION**

The law and facts show there is no claim here.  The complaint must be dismissed.

Yours, etc.

          <u>\_\_\_\_*s/ Michael B. Doyle*_____</u>
          Michael B. Doyle, Esq. (MBD 5803)
          DOYLE & BROUMAND, LLP
          Attorneys for Defendant
          3152 Albany Crescent
          Bronx, New York 10463
          (718) 796-2210

December 20, 2007

<u>Case No.   CV 10668/07</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
**MAMBA GOUMBALA, on his own behalf**
**and on behalf of all others similarly situated**

             **Plaintiff**

  against

**DOYLE & BROUMAND, LLP**

Defendant
--------------------------------------------------------
## NOTICE OF MOTION
## MEMORANDUM OF LAW
--------------------------------------------------------


**Michael B. Doyle, Esq.  (MBD 5803)**
**DOYLE & BROUMAND, LLP**
**Attorneys for Defendant**
**3152 Albany Crescent**
*Second Floor*
**Bronx, New York 10463**
**(718) 796-2210**




**STATE OF NEW YORK, COUNTY OF BRONX**
      **ss:**


                        **,** an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following, under penalty of perjury:


__      Certification By Attorney:      certify that the within
                                        has been compared by me with the
                                        original and found to be a true and
                                        complete copy**.**

  __    *Attorneys' Affirmation:*    *state that I am the attorney(s) of record for in the within action; I have read the foregoing and know the contents thereof; the same is true to my knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by*

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under penalty of perjury.


Dated:    Bronx, New York
                , 200

                                          _____


**STATE OF NEW YORK, COUNTY OF BRONX**      **ss.:**

**Heddyeh Broumand, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following, under penalty of perjury: I am not a party to the action, am over 18 years of age and reside at 3152 Albany Crescent, Bronx, New York 10463.**

    **On December 21, 2007  I served the within:**

        **NOTICE OF MOTION, MEMORANDUM OF LAW**


    \_x\_    By Mailing a copy to each of the following persons at the last known address set forth after each name below.

   __    **By delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein.**

   ___   **By transmitting a copy to the following person by FAX at the telephone number set forth after each name below; __ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.**

   __    **By dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.**

**TO:**    **KLEINMAN LLC**
         **Attorneys for Plaintiff**
         **626 Rexcorp Plaza**
         **Uniondale, New York 11556--626**

**Dated:**    **Bronx, New York**
            **December 21     , 2007**

                                      _____*s/Heidi Broumand*
                                      Heddyeh P. Broumand (3895)