Submitted by:

Michael B. Doyle, Esq. (MBD 5803)
DOYLE & BROUMAND, LLP
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated

Plaintiff

Against

DOYLE & BROUMAND, LLP

Defendant
-----------------------------------------------------

RETURN D.\TE:
January 16, 2008
Case Number
CV 10668/07

Case Assigned:
Judge Gerard E. Lynch

**NOTICE OF
MOTION**

## NOTICE OF MOTION FOR ORDER
## TO DISMISS

**PLEASE TAKE NOTICE,** that upon the annexed affidavit of Michael

B. Doyle, duly sworn to the 19th day of December 2007, the affi avit of Peter

Zabel, duly sworn to the 19th day of December 2007, and upon all the

pleadings and proceedings heretofore had herein, the undersigned will bring

the above motion on for hearing before this Court at Room 910, United States

Court House, 500 Pearl Street, City of New York, on the 16th day of January

2008, **at 9:30 A.M. o'clock** in the forenoon of that day or as soon thereafter as

counsel can be heard for an order to dismiss the action pursuant to FRCP

12(b)(6) for failure to state a claim for which relief may be had, and for such

other and further relief as the Court may deem just and appropriate.

DATED:    BRONX, NEW YORK
          DECEMBER 19, 2007



                              DOYLE & BROUMAND, LLP


                              _____
                              Michael B. Doyle, Esq. (MBD 5803)
                              3152 Albany Crescent
                              Bronx, New York 10463
                              (718) 796-2210
                              Attorneys for Defendant


TO:  KLEINMAN LLC
     626 Rexcorp Plaza
     Uniondale, New York 11556-0626

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------

MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated          Case Number
                                                         CV 10668/07
                                    Plaintiff

                                                         **AFFIDAVIT**
                    Against                               **IN SUPPORT**

DOYLE & BROUMAND, LLP

                                          Defendant
----------------------------------------------------------
STATE OF NEW YORK          )
COUNTY OF BRONX            )     ss.:


**MICHAEL B. DOYLE,** being duly sworn deposes and says,

1.     I am a member of the Defendant and make this affidavit in
support of the Defendant's motion to dismiss this action which seeks to
create a "class" action and sue my firm for perceived alleged violations of
the Fair Debt Collections Practices Act (FDCPA), namely, Title 15 USC
sections 1692(e) and (g) (among other unnamed nor yet "created"
allegations), complaint **Exhibit 1**.

2.     I called and left a message for counsel but he didn't get back to
me until December 17, 2007, and seemed disinterested in resolving the
claims, which do not exist.

**ALLEGATION**

3.    The main allegation is contained in paragraph 15 of the
complaint, namely,

> ...Starting or about August 29, 2007, defendant mailed a
> Three Day Demand addressed to Mamba Goumbala.
> The letter demanded payment of a debt allegedly owed
> by plaintiff to Carol Gardens Assoc., described as Landlord.
> The letter was enclosed in an envelope bearing the return
> Address LAW OFFICES OF DOYLE & BROUMAND, LLP,
> 3162 Albany Crescent 2nd Floor, BRONX, NEW YORK
> 10463...

4.    This is a false statement as we did not mail the demand, made,
not by a debt collector, but by Plaintiff's landlord, and signed by Plaintiff's
landlord, the owner of the building.

5.    The demand was mailed by a process server named Peter Zabel, NYC
Department of Consumer Affairs license number 744100, his affidavit is annexed
hereto and made part hereof.

6.    The document has nothing on it relative to my firm as it is not from us
but from the landlord and is required prior to commencing a summary proceeding for
nonpayment of rent under Article 7 of the New York State Real Property Actions  and
Proceedings Law (RPAPL).

7.    It is my opinion that the Plaintiff isn't a "consumer" under the Statute and the landlord "demanding" the rent, ONLY to be in compliance with the RPAPL, is not seeking a "debt" nor is the landlord a "debt collector" (FDCPA makes it clear that the landlord is not a "debt collector"). In fact, if the RPAPL did not require that if a written demand be used that it be served by a process server in the same manner as a Petition/Notice of Petition, then no demand would have been necessary nor sent.

8.    I say my opinion because there are some cases that have, I believe, erroneously, confused actions to collect rent with consumer debt collection practices. Clearly if Congress, in its wisdom, wanted to include landlords and tenants and the paying and nonpaying of rent it could and should have simply added that in the definitions portion of the statute. It did not and that failure should be sufficient, alone, to require dismissal of this action.

9.    In any event the letter was mailed by Mr. Zabel, a duly licensed process server as legal process and, he is **not** a debt collector under the Statute, see 15 USC 1692(a)(6)(D), but more important is that Defendant did not mail it. The basic allegation is false.

10.    Apparently, Mr. Zabel used one of our envelopes in mailing the notice to the Plaintiff (see Zabel affidavit). He can and does use our envelopes with our return address on it to mail the Petitions and Notice of Petitions, the "summons and complaint" in summary proceeding under the RPAPL.

11.    It should be noted, if the envelope were blank (no return address at all) or if it did not have our name on it, but our address or if it had the landlord's name instead of ours, then no one could make even this weak argument under the FDCPA. In other words the process server has every right in the world to serve the required demand from the tenant's landlord - there can be no question about it.

12.    The landlord's demand is not a "communication in connection with debt collection" (15 USC 1692(c)); nor is it harassment or abuse (15 USC 1692); nor is it false or misleading representation (15 USC 1692(e)), being actually signed by the landlord with no notation nor mention of any other person or entity, only the landlord; nor does it represent an "unfair practice" (15 USC 1692(f)); nor is there any requirement for "validation" of debt (15 USC 1692(g)).  In fact it appears that the Plaintiff paid the rent within the five (5) days the FDCPA mentions,

> ...(a) Within five days after the initial communication...
> shall, unless...the consumer has paid the debt...
> 15 USC 1692(g)(a)

Hence, there never came due any requirement relative to "validation of debt" even if Plaintiff were a consumer and the landlord and his process server were viewed to be debt collectors, and they are not.

13.    Of course as the Plaintiff paid the rent what could possibly be the damages?

14. Of course the complaint does not allege that Plaintiff did not owe the rent.

15. Of course the complaint does not allege the rent was an improper amount.

16. Of course the complaint does not allege that Plaintiff had *ANY* contact with the Defendant.

17. Of course the complaint does not allege any "confusion" by Plaintiff, he knew he owed his  rent and when reminded by the landlord, he paid.

18. While admitted to practice in this district of federal court, my experience is very limited, but it seems impossible that someone could be allowed to commence this type of action without any knowledge that there are any damages.

19. The complaint alleges, in support of its quest for class certification that there are common questions of law and fact, including,

> ...(b) Whether plaintiff and the Class have been injured by defendant's conduct;
>   (c) Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and...
> **Exhibit 1** Paragraphs 9 (b) and (c).

20. How can an attorney, who is seeking his own personal monetary gain, commence this action with no knowledge of any damages to anyone, in the zeal to be awarded legal fees, regardless of the facts? It is quite a system that allows this where

there is no harm to plaintiff nor anyone else, but I suppose as attorneys we have few, if any, rights and fewer still supporters.

21.     Clearly the actions of Congress in attempting to stop people from bullying consumers and threatening them with violence, etc., etc., is a far cry from Plaintiff, apparently, not paying his rent, (Defendant did not state he owed anything, only the landlord did), receiving the landlord's required RPAPL rent demand from a duly licensed process server and then paying the landlord within five days. Those are the facts here. The process server's affidavit of service of the demand is also annexed hereto as **Exhibit 2**, showing he went on August 27, 2007 and again on August 28, 2007 affixed the process to the door and then on August 29, 2007, **he** mailed another copy to the plaintiff – not us. Plaintiff then paid the landlord (not us) the rent, ending the matter. What is the abuse here that is being attempted to be cured? Quite simply, from the Defendant there is and can be none. There is no claim because we did nothing. We didn't sign the demand. We didn't serve it.

22.     It should be noted that many times the process server will actually find the tenant at home and personally serve the tenant, in which case there would be no mailing. If there were no mailing, then the process server wouldn't have additionally mailed the landlord's demand. Would anyone even be able to allege that under those facts the FDCPA came into play? Clearly not, the result here must be the same, requiring dismissal of the complaint.

23.     Defendant did not issue nor execute the demand, the landlord did and signed it.

24.     Defendant did not mail nor serve the demand, a licensed process server did.

25.     Plaintiff not only was not damaged, but paid within the five (5) days of FDCPA and does not even know if he could be damaged.

26.     The statement in the complaint by counsel, is very irresponsible and based on no facts of any kind when he states,

> The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.
> **Exhibit 1,** paragraph 8.

27.     Counsel has no clue, but I guess he must make that statement to even attempt to allege some claim.  I'd like to see the documents he had before him, before he signed this complaint under the penalties of Rule 11.  He clearly is just guessing.

28.     There never was a claim here and the complaint should be dismissed because the Defendant did not send out the allegedly offending ..otice but a duly licensed (and protected from FDCPA actions) process server did of a required RPAPL notice sent by Plaintiff's landlord not a debt collector.

29.   There has been no prior application for the relief requested herein.

**WHEREFORE,** Defendant prays that the complaint be dismissed in its entirety

and for such other and further relief as this Court deems appropriate.

_____

MICHAEL B. DOYLE (MBD 5803)

Duly Sworn To Before Me This
19 Day if December 2007

BARBARA CYBULSKI
Commissioner of Deeds
City of New York-No. 3-5080
Certificate Filed in BX County
Commission Expires Nov 1, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated

                             Plaintiff

            Against

DOYLE & BROUMAND, LLP

                          Defendant

Case Number
CV 10668/07

**AFFIDAVIT**
**IN SUPPORT**

-------------------------------------------------------

STATE OF NEW YORK    )
COUNTY OF BRONX    )   ss.:

      PETER ZABEL being duly sworn, deposes and says:

    1.    I am a licensed process server by the NYC Department of Consumer Affairs license number 744100.

    2.    I have been a licensed process server for over thirty years.

    3.    I am not an employee of the Defendant but I am an independent contractor who works for many law firms, including the Defendant.

    4.    On August 27, 2007, I attempted to serve the Plaintiff personally at the apartment located at 820 THIERIOT AVENUE, Apartment 14G, Bronx, New York 10473 with a demand for rent from Carol Gardens Associates and signed by Kevin Williams, the management agent for the landlord.  No one answered and I left.

5.    I came back the next day, August 28, 2007 and again attempted to personally serve the Plaintiff, but, again no one answered the door. Thereupon I affixed the notice to the door as I am required to pursuant to the law.

6.    The next day, on August 29, 2007 I mailed another copy of the rent demand to Plaintiff. Normally I would have used a blank envelope, or one with just a return address on it with no name to indicate who the sender was, but in looking at the Exhibit to the complaint it appears I clearly made a mistake and used the envelopes I usually only use for mailing copies of the Petitions and Notices of Petitions. This was a mistake by me and I'm sorry if it created any problems for anyone.

7.    I am not an employee of the Defendant and no employee nor member of Defendant had anything to do with my mailing that envelope as part of my job in serving that process on the Plaintiff from the landlord.

8.    I then prepared and executed the attached affidavit of service, **Exhibit 2**.

_____
PETER ZABEL

Duly Sworn To Before Me This
20  Day of December 2007.

_____
Notary Public
BARBARA CYBULSKI
Commission Expires Nov 1, 2009

EXHIBIT

1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

MAMBA GOUMBALA, on his own behalf and on
behalf of all others similarly situated

V.

DOYLE & BROUMAND, LLP

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and address of Defendant)

DOYLE & BROUMAND, LLP
3152 ALBANY CRESCENT, FLOOR 2
BRONX, NEW YORK 10463

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

KLEINMAN LLC
626 REXCORP PLAZA
UNIONDALE, NEW YORK 11556-0626

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NOV 2 1 2007

CLERK                                          DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated,

                                           Plaintiff,

              -against-                                          **CLASS ACTION COMPLAINT**

                                                                JURY TRIAL DEMANDED

DOYLE & BROUMAND, LLP,

                                           Defendant.
-------------------------------------------------------------------X

        Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself

and his own acts, and as to all other matters upon information and belief, brings this complaint

against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

        1.      Plaintiff brings this action on his own behalf and on behalf of all others similarly

situated for damages and declaratory and injunctive relief arising from the defendant's violation

of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C.

§ 1692a(6) from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

        2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is

an action for violation of 15 U.S.C. § 1692.

        3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

PARTIES

4.      Plaintiff Mamba Goumbala (hereinafter "Goumbala") is a resident of the State of New York, Bronx County.  On or about August 30, 2007, plaintiff received and came into contact with a form Three Day Demand from defendant at plaintiff's home address dated August 24, 2007. **Exhibit A**.

5.      Defendant Doyle & Broumand, LLP is a Domestic Registered Limited Liability Partnership located in the Bronx, New York.  Defendant attempts to collect debts alleged to be due another.

CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-20, and their successors in interest (the "Class").  Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Doyle & Broumand LLP.

7.      This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.      The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

2

9.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.    Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c, 1692e(10), 1692e(11), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

b.    Whether plaintiff and the Class have been injured by the defendant's conduct;

c.    Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.    Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

3

duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.    Starting on or about August 29, 2007, defendant mailed a Three Day Demand addressed to Mamba Goumbala. The letter demanded payment of a debt allegedly owed by plaintiff to Carol Gardens Assoc., described as Landlord. The letter was enclosed in an envelope bearing the return address LAW OFFICES OF DOYLE & BROUMAND, LLP, 3162 Albany Crescent 2nd Floor, BRONX, NEW YORK 10463. A copy of said demand and envelope are annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16.    Each of the above allegations is incorporated herein.

17.    The Three Day Demand violated numerous provisions of the FDCPA by failing to notify the consumer of his right to dispute the validity of the debt and the right to demand verification of the debt as provided by 15 U.S.C. § 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

4

18. The collection letter further violated the FDCPA, by failing to disclose that the communication was from a debt collector by failing to recite as required by 15 U.S.C. § 1692e(11), that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

19. Defendant's Notice is deceptive as provided by 15 U.S.C. § 1692e(10), in that it fails to provide contact information for the consumer to post a dispute.

20. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: November 29, 2007
       Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone  (516) 522-2621
Facsimile  (888) 522-1692

6

Exhibit A

LAW OFFICES OF
**DOYLE & BROUMAND, LLP**
3152 Albany Crescent 2nd Floor
BRONX, NEW YORK 10463
ADDRESS CORRECTION REQUESTED

10473+2512

UNITED STATES POSTAGE
**$ 00.41⁰**
02 1P
0102402626    AUG 29 2007
MAILED FROM ZIP CODE 10471

DEMAND FOR RENT
NOTICE TO TENANT


AUGUST 24, 2007


TO:
    MAMBA GOUMBALA
    820 THIERIOT AVENUE    14G
    BRONX, NEW YORK 10473


TENANT OF THE ABOVE PREMISES:

TAKE NOTICE, THAT YOU ARE JUSTLY INDEBTED TO THE LANDLORD OF THE ABOVE-
DESCRIBED PREMISES AS SET FORTH BELOW, WHICH YOU ARE REQUIRED TO PAY ON
OR BEFORE THE EXPIRATION OF THREE (3) DAYS FROM THE DAY OF SERVICE OF
THIS NOTICE, OR SURRENDER UP THE POSSESSION OF SAID PREMISES TO THE
LANDLORD, IN DEFAULT OF WHICH THE LANDLORD WILL COMMENCE SUMMARY
PROCEEDINGS UNDER THE STATUTE TO RECOVER THE POSSESSION THEREOF.

TAKE FURTHER NOTICE, THAT PURSUANT TO SAID AGREEMENT, THERE IS DUE TO
LANDLORD FROM TENANT THE FOLLOWING:

    LATE 10.00, RENT JUY07 BAL 900.00,
    AUGUST07 1121.00 TOTAL 2031.00


BY: _____
              AGENT


FOR: ___CAROL GARDENS ASSOC.___
              LANDLORD

EXHIBIT
2

State of New York, County of Bronx

PETER ZABEL, #744100, being duly sworn, deposes and says, that deponent is not a party to this proceeding, is over 18 years of age and resides at  Putnam   N.Y.

Deponent was unable to serve _____ Mamba Counpala _____, respondent(s), by personal delivery. The property sought to be recovered is No. _____ 2nd Theriot Ave _____, Apt. 146 , Bronx, N.Y. 10473. On _____ at  147  o'clock  P  M. deponent served the within Demand for Rent:

**SUBSTITUTED
SERVICE**           by gaining admittance to said property and delivering to and leaving a copy thereof personally with
                                      a person of suitable age and discretion, who was willing to receive same and who - resided - was employed - at said property

**CONSPICUOUS
PLACE SERVICE**  ☐  by affixing a copy thereof upon a conspicuous part, to wit: - the entrance door            of said property;

                  ☑  by placing a copy thereof under the entrance door of such premises;
                  deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to receive same. After having called there previously on                     at 720 Am

**MAILING**       and within 1 day thereafter, on                          by mailing a copy thereof enclosed in a postpaid, properly addressed wrapper to each respondent at the property sought to be recovered which is respondent's residence or corporate respondent's principal office or principal place of business by certified-mail and by regular first class mail within N.Y.C.

**DESCRIPTION:**  hgt.   lbs.   yrs.   Sex   Hair   Ethnic   Skin   Other

SWORN TO BEFORE ME THIS
    DAY OF

BARBARA CYBULSKI
Commissioner of Deeds
City of New York-No. 3-5080
Certificate Filed in BX County
Commission Expires Nov 1, 20___

_____
PETER ZABEL #744100