Submitted by:

Michael B. Doyle, Esq. (MBD 5803)
DOYLE & BROUMAND, LLP
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated

                    Plaintiff

      Against

DOYLE & BROUMAND, LLP

                    Defendant
-------------------------------------------------------

RETURN DATE:
January 16, 2008
Case Number
CV 10668/07

Case Assigned:
Judge Gerard E. Lynch

## MEMORANDUM OF LAW

Defendant law firm moves to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim for which relief may be had of Plaintiff's complaint alleging violations of the Fair Debt Collection Practice Act ("FDCPA") based on an allegation that Defendant law firm MAILED a three day demand for rent signed by Plaintiff's landlord. However, as Defendant law firm did not mail the demand, but a licensed process server did, there can be no claim and the complaint, which seeks "class" certification as well, must be dismissed.

The fact are set forth in the affidavits of Defendant and Peter Zabel, the duly licensed process server who actually mailed the three day demand.

**POINT ONE**       **UNLIKE *ROMEA* WHERE THE DEMAND CAME FROM DEBT COLLECTOR/LAWYER THE DEMAND HERE CAME FROM THE LANDLORD**

In ***Romea v. Heiberger & Associates***, 988 F. Supp. 715 (S.D.N.Y 1998), aff'd 163 F.3d 111 (2d Cir. 1998) both the lower court and the Second Circuit Court of Appeals found that a rent demand notice, required by the New York State Real Property Actions and Proceedings Law ("RPAPL") executed by and mailed by the landlord's attorneys, preparatory to commencing an action under the RPAPL was violative of the FDCPA. Whether one agrees with the Court's decision that the demand is not legal process, although a required condition precedent to commencing an action, or that lawyers who engage in commencing actions on behalf of landlords are "debt collectors", is irrelevant to the facts that require dismissal here.

Here the Defendant did not execute the demand, the landlord, who is allowed to under the Statute, did, see FDCPA 15 USC 1692 (a)(6)(A).

Here, contrary to the false allegation of Plaintiff, the Defendant did not mail the demand, a duly licensed process server did, someone who is exempt under the Statute from being sued, see FDCPA 15 USC 1692(a)(6) (D).

As the Defendant did none of the complained of acts, there is no claim and the complaint must be dismissed.

3

**POINT TWO**         **PLAINTIFF PAID WITHIN FIVE (5) DAYS OF RECEIVING THE LANDLORD'S DEMAND FOR RENT SERVED ON HIM BY A LICENSED PROCESS SERVER, ELIMINATING A CLAIM FOR "VALIDATION OF DEBTS"**

The Statute requires a "validation of debts" if the notice is from a debt collector (here it is not) unless the debt is paid within five (5) days, see 15 USC 1692(g). Here Plaintiff paid within five (5) days. Here the notice was not **from** a debt collector but directly **from** his landlord. Here the notice was not sent from some debt collector, but by a licensed process server.

The sole basis of the claim is the false allegation that Defendant mailed the three-day notice and it did not.

## CONCLUSION

The law and facts show there is no claim here. The complaint must be dismissed.

        Yours, etc.

        _____
        Michael B. Doyle, Esq. (MBD 5803)
        DOYLE & BROUMAND, LLP
        Attorneys for Defendant
        3152 Albany Crescent
        Bronx, New York 10463
        (718) 796-2210

December 21, 2007