Submitted by:

Michael B. Doyle, Esq. (MBD 5803)
DOYLE & BROUMAND, LLP
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated

                           Plaintiff

          Against

DOYLE & BROUMAND, LLP

                 Defendant
-----------------------------------------------------

RETURN DATE:
January 16, 2008
Case Number
CV 10668/07

Case Assigned:
Judge Gerard E. Lynch

**NOTICE OF
MOTION**

## NOTICE OF MOTION FOR ORDER
## TO DISMISS

**PLEASE TAKE NOTICE,** that upon the annexed affidavit of Michael

B. Doyle, duly sworn to the 19th day of December 2007, the affidavit of Peter

Zabel, duly sworn to the 19th day of December 2007, and upon all the

pleadings and proceedings heretofore had herein, the undersigned will bring

the above motion on for hearing before this Court at Room 910, United States

Court House, 500 Pearl Street, City of New York, on the 16th day of January

2008, **at 9:30 A.M. o'clock** in the forenoon of that day or as soon thereafter as counsel can be heard for an order to dismiss the action pursuant to FRCP 12(b)(6) for failure to state a claim for which relief may be had, and for such other and further relief as the Court may deem just and appropriate.

DATED:    BRONX, NEW YORK
          DECEMBER 19, 2007

DOYLE & BROUMAND, LLP

___*s/ Michael B. Doyle*__
Michael B. Doyle, Esq. (MBD 5803)
3152 Albany Crescent
Bronx, New York 10463
(718) 796-2210
Attorneys for Defendant

TO:   KLEINMAN LLC
      626 Rexcorp Plaza
      Uniondale, New York 11556-0626

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated        Case Number
                                                      CV 10668/07
                              Plaintiff

                                                      **AFFIDAVIT**
            Against                                   **IN SUPPORT**

DOYLE & BROUMAND, LLP

                              Defendant
-------------------------------------------------------
STATE OF NEW YORK        )
COUNTY OF BRONX          )        ss.:

 

**MICHAEL B. DOYLE,** being duly sworn deposes and says,

1.      I am a member of the Defendant and make this affidavit in support of the Defendant's motion to dismiss this action which seeks to create a "class" action and sue my firm for perceived alleged violations of the Fair Debt Collections Practices Act (FDCPA), namely, Title 15 USC sections 1692(e) and (g) (among other unnamed nor yet "created" allegations), complaint **Exhibit 1**.

2.      I called and left a message for counsel but he didn't get back to me until December 17, 2007, and seemed disinterested in resolving the claims, which do not exist.

**ALLEGATION**

3.     The main allegation is contained in paragraph 15 of the

complaint, namely,

> …Starting or about August 29, 2007, defendant mailed a
> Three Day Demand addressed to Mamba Goumbala.
> The letter demanded payment of a debt allegedly owed
> by plaintiff to Carol Gardens Assoc., described as Landlord.
> The letter was enclosed in an envelope bearing the return
> Address LAW OFFICES OF DOYLE & BROUMAND, LLP,
> 3162 Albany Crescent 2nd Floor, BRONX, NEW YORK
> 10463…

4.     This is a false statement as we did not mail the demand, made,

not by a debt collector, but by Plaintiff's landlord, and signed by Plaintiff's

landlord, the owner of the building.

5.     The demand was mailed by a process server named Peter Zabel, NYC

Department of Consumer Affairs license number 744100, his affidavit is annexed

hereto and made part hereof.

6.     The document has nothing on it relative to my firm as it is not from us

but from the landlord and is required prior to commencing a summary proceeding for

nonpayment of rent under Article 7 of the New York State Real Property Actions  and

Proceedings Law (RPAPL).

7.     It is my opinion that the Plaintiff isn't a "consumer" under the Statute and the landlord "demanding" the rent, ONLY to be in compliance with the RPAPL, is not seeking a "debt" nor is the landlord a "debt collector" (FDCPA makes it clear that the landlord is not a "debt collector").  In fact, if the RPAPL did not require that if a written demand be used that it be served by a process server in the same manner as a Petition/Notice of Petition, then no demand would have been necessary nor sent.

8.     I say my opinion because there are some cases that have, I believe, erroneously, confused actions to collect rent with consumer debt collection practices. Clearly if Congress, in its wisdom, wanted to include landlords and tenants and the paying and nonpaying of rent it could and should have simply added that in the definitions portion of the statute.  It did not and that failure should be sufficient, alone, to require dismissal of this action.

9.     In any event the letter was mailed by Mr. Zabel, a duly licensed process server as legal process and, he is **not** a debt collector under the Statute, see 15 USC 1692(a)(6)(D), but more important is that Defendant did not mail it.  The basic allegation is false.

10.     Apparently, Mr. Zabel used one of our envelopes in mailing the notice to the Plaintiff (see Zabel affidavit).  He can and does use our envelopes with our return address on it to mail the Petitions and Notice of Petitions, the "summons and complaint" in summary proceeding under the RPAPL.

11.    It should be noted, if the envelope were blank (no return address at all) or if it did not have our name on it, but our address or if it had the landlord's name instead of ours, then no one could make even this weak argument under the FDCPA. In other words the process server has every right in the world to serve the required demand from the tenant's landlord - there can be no question about it.

12.    The landlord's demand is not a "communication in connection with debt collection" (15 USC 1692(c)); nor is it harassment or abuse (15 USC 1692); nor is it false or misleading representation (15 USC 1692(e)), being actually signed by the landlord with no notation nor mention of any other person or entity, only the landlord; nor does it represent an "unfair practice" (15 USC 1692(f)); nor is there any requirement for "validation" of debt (15 USC 1692(g)).  In fact it appears that the Plaintiff paid the rent within the five (5) days the FDCPA mentions,

> …(a) Within five days after the initial communication…
> shall, unless…the consumer has paid the debt…
> 15 USC 1692(g)(a).

Hence, there never came due any requirement relative to "validation of debt" even if Plaintiff were a consumer and the landlord and his process server were viewed to be debt collectors, and they are not.

13.    Of course as the Plaintiff paid the rent what could possibly be the damages?

14.    Of course the complaint does not allege that Plaintiff did not owe the rent.

15.    Of course the complaint does not allege the rent was an improper amount.

16.    Of course the complaint does not allege that Plaintiff had ***ANY*** contact with the Defendant.

17.    Of course the complaint does not allege any "confusion" by Plaintiff, he knew he owed his  rent and when reminded by the landlord, he paid.

18.    While admitted to practice in this district of federal court, my experience is very limited, but it seems impossible that someone could be allowed to commence this type of action without any knowledge that there are any damages.

19.    The complaint alleges, in support of its quest for class certification that there are common questions of law and fact, including,

> …(b) Whether plaintiff and the Class have been injured by defendant's conduct;
>     (c) Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and…
> **Exhibit 1** Paragraphs 9 (b) and (c).

20.    How can an attorney, who is seeking his own personal monetary gain, commence this action with no knowledge of any damages to anyone, in the zeal to be awarded legal fees, regardless of the facts?  It is quite a system that allows this where

there is no harm to plaintiff nor anyone else, but I suppose as attorneys we have few, if any, rights and fewer still supporters.

21.    Clearly the actions of Congress in attempting to stop people from bullying consumers and threatening them with violence, etc., etc., is a far cry from Plaintiff, apparently, not paying his rent, (Defendant did not state he owed anything, only the landlord did), receiving the landlord's required RPAPL rent demand from a duly licensed process server and then paying the landlord within five days.  Those are the facts here.   The process server's affidavit of service of the demand is also annexed hereto as **Exhibit 2**, showing he went on August 27, 2007 and again on August 28, 2007 affixed the process to the door and then on August 29, 2007, **he** mailed another copy to the plaintiff – not us. Plaintiff then paid the landlord (not us) the rent, ending the matter.  What is the abuse here that is being attempted to be cured?  Quite simply, from the Defendant there is and can be none. There is no claim because we did nothing.  We didn't sign the demand.  We didn't serve it.

22.    It should be noted that many times the process server will actually find the tenant at home and personally serve the tenant, in which case there would be no mailing.  If there were no mailing, then the process server wouldn't have additionally mailed the landlord's demand.  Would anyone even be able to allege that under those facts the FDCPA came into play?  Clearly not, the result here must be the same, requiring dismissal of the complaint.

23.    Defendant did not issue nor execute the demand, the landlord did and signed it.

24.    Defendant did not mail nor serve the demand, a licensed process server did.

25.    Plaintiff not only was not damaged, but paid within the five (5) days of FDCPA and does not even know if he could be damaged.

26.    The statement in the complaint by counsel, is very irresponsible and based on no facts of any kind when he states,

> The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.
> **Exhibit 1,** paragraph 8.

27.    Counsel has no clue, but I guess he must make that statement to even attempt to allege some claim.  I'd like to see the documents he had before him, before he signed this complaint under the penalties of Rule 11.  He clearly is just guessing.

28.    There never was a claim here and the complaint should be dismissed because the Defendant did not send out the allegedly offending notice but a duly licensed (and protected from FDCPA actions) process server did of a required RPAPL notice sent by Plaintiff's landlord not a debt collector.

29.    There has been no prior application for the relief requested herein.

**WHEREFORE,** Defendant prays that the complaint be dismissed in its entirety

and for such other and further relief as this Court deems appropriate.


_____*s/ Michael B. Doyle*_____
MICHAEL B. DOYLE (MBD 5803)


Duly Sworn To Before Me This
19th Day if December 2007

*Barbara Cybulski*
Barbara Cybulski
Commissioner of Deeds
City of New York- No. 3-5080
Certified in Bronx County
Commission Exp. Nov. 1, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated

                                          Plaintiff

             Against

DOYLE & BROUMAND, LLP

                                   Defendant
-------------------------------------------------------

Case Number
CV 10668/07

**AFFIDAVIT
IN SUPPORT**

STATE OF NEW YORK     )
COUNTY OF BRONX     )    ss.:

       PETER ZABEL being duly sworn, deposes and says:

       1.    I am a licensed process server by the NYC Department of Consumer Affairs license number 744100.

       2.    I have been a licensed process server for over thirty years.

       3.    I am not an employee of the Defendant but I am an independent contractor who works for many law firms, including the Defendant.

       4.    On August 27, 2007, I attempted to serve the Plaintiff personally at the apartment located at 820 THIERIOT AVENUE, Apartment 14G, Bronx, New York 10473 with a demand for rent from Carol Gardens Associates and signed by Kevin Williams, the management agent for the landlord.  No one answered and I left.

5.    I came back the next day, August 28, 2007 and again attempted to personally serve the Plaintiff, but, again no one answered the door.  Thereupon I affixed the notice to the door as I am required to pursuant to the law.

6.    The next day, on August 29, 2007 I mailed another copy of the rent demand to Plaintiff.  Normally I would have used a blank envelope, or one with just a return address on it with no name to indicate who the sender was, but in looking at the Exhibit to the complaint it appears I clearly made a mistake and used the envelopes I usually only use for mailing copies of the Petitions and Notices of Petitions.  This was a mistake by me and I'm sorry if it created any problems for anyone.

7.    I am not an employee of the Defendant and no employee nor member of Defendant had anything to do with my mailing that envelope as part of my job in serving that process on the Plaintiff from the landlord.

8.    I then prepared and executed the attached affidavit of service, **Exhibit 2**.


_____ s/ Peter Zabel_____
PETER ZABEL

Duly Sworn To Before Me This
19th Day of December 2007.

S/ Barbara Cybulski
_____

Notary Public
BARBARA CYBULSKI
Commissioner of Deeds
Certificate Filed in Bx County
Commission Exp. On Nov. 1, 2009
Submitted by:

_Case No.   CV 10668/07_

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
**MAMBA GOUMBALA, on his own behalf**
**and on behalf of all others similarly situated**

**Plaintiff**

**against**

**DOYLE & BROUMAND, LLP**

**Defendant**
-----------------------------------------------------------
## NOTICE OF MOTION
## MEMORANDUM OF LAW
-----------------------------------------------------------


**Michael B. Doyle, Esq.  (MBD 5803)**
**DOYLE & BROUMAND, LLP**
**Attorneys for Defendant**
**3152 Albany Crescent**
_Second Floor_
**Bronx, New York 10463**
**(718) 796-2210**

**STATE OF NEW YORK, COUNTY OF BRONX**
     **ss:**

                   **,** an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following, under penalty of perjury:

___    Certification By Attorney:     certify that the within
                                       has been compared by me with the
                                     original and found to be a true and
                                     complete copy**.**

___    *Attorneys' Affirmation:*    *state that I am the attorney(s) of record for*
                                     *in the within action; I have read the foregoing*
                                     and know the contents thereof; the same is
                                     true to my knowledge, except as to the
                                     matters therein alleged to be on information
                                     and belief, and as to those matters I believe
                                     it to be true.  The reason this verification is
                                     made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under penalty of perjury.

Dated:         Bronx, New York
                      , 200

                                             _____

**STATE OF NEW YORK, COUNTY OF BRONX**        **ss.:**

Heddyeh Broumand, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following, under penalty of perjury: I am not a party to the action, am over 18 years of age and reside at 3152 Albany Crescent, Bronx, New York 10463.

On December 21, 2007  I served the within:

### NOTICE OF MOTION, MEMORANDUM OF LAW

_x_     By Mailing a copy to each of the following persons at the last known address set forth after each name below.

__     By delivering a true copy of each personally to each person named below at the address indicated.  I knew each person served to be the person mentioned and described in said papers as a party therein.

____     By transmitting a copy to the following person by FAX at the telephone number set forth after each name below; __ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

__     By dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

TO:     KLEINMAN LLC
        **Attorneys for Plaintiff**
        **626 Rexcorp Plaza**
        **Uniondale, New York 11556--626**

Dated:        **Bronx, New York**
              **December 21        , 2007**

                                        _____*s/Heidi Broumand*
                                        Heddyeh P. Broumand (3895)

EXHIBIT

1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____    District of    _____New York_____

MAMBA GOUMBALA, on his own behalf and on
behalf of all others similarly situated

V.

DOYLE & BROUMAND, LLP

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and address of Defendant)

DOYLE & BROUMAND, LLP
3152 ALBANY CRESCENT, FLOOR 2
BRONX, NEW YORK 10463

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

KLEINMAN LLC
626 REXCORP PLAZA
UNIONDALE, NEW YORK 11556-0626

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NOV 2 4 2007

CLERK                                        DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAMBA GOUMBALA, on his own behalf
and on behalf of all others similarly situated,

                               Plaintiff,

      -against-

DOYLE & BROUMAND, LLP,

                              Defendant.
------------------------------------------------------------------X

                              **CLASS ACTION COMPLAINT**

                              JURY TRIAL DEMANDED

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violation of 15 U.S.C. § 1692.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

PARTIES

4.      Plaintiff Mamba Goumbala (hereinafter "Goumbala") is a resident of the State of New York, Bronx County.  On or about August 30, 2007, plaintiff received and came into contact with a form Three Day Demand from defendant at plaintiff's home address dated August 24, 2007. **Exhibit A**.

5.      Defendant Doyle & Broumand, LLP is a Domestic Registered Limited Liability Partnership located in the Bronx, New York.  Defendant attempts to collect debts alleged to be due another.

CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-20, and their successors in interest (the "Class").  Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Doyle & Broumand LLP.

7.      This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.      The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

2

9.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.    Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c, 1692e(10), 1692e(11), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

b.    Whether plaintiff and the Class have been injured by the defendant's conduct;

c.    Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.    Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

3

duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.    Starting on or about August 29, 2007, defendant mailed a Three Day Demand addressed to Mamba Goumbala. The letter demanded payment of a debt allegedly owed by plaintiff to Carol Gardens Assoc., described as Landlord. The letter was enclosed in an envelope bearing the return address LAW OFFICES OF DOYLE & BROUMAND, LLP, 3162 Albany Crescent 2nd Floor, BRONX, NEW YORK 10463. A copy of said demand and envelope are annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16.    Each of the above allegations is incorporated herein.

17.    The Three Day Demand violated numerous provisions of the FDCPA by failing to notify the consumer of his right to dispute the validity of the debt and the right to demand verification of the debt as provided by 15 U.S.C. § 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

4

18.     The collection letter further violated the FDCPA, by failing to disclose that the communication was from a debt collector by failing to recite as required by 15 U.S.C. § 1692e(11), that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

19.     Defendant's Notice is deceptive as provided by 15 U.S.C. § 1692e(10), in that it fails to provide contact information for the consumer to post a dispute.

20.     As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a)      Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)      Awarding plaintiff statutory damages;

c)      Awarding class members the maximum statutory damages;

d)      Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e)      Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: November 29, 2007
       Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone  (516) 522-2621
Facsimile  (888) 522-1692

6

LAW OFFICES OF
**DOYLE & BROUMAND, LLP**
3152 Albany Crescent 2nd Floor
BRONX, NEW YORK 10463
ADDRESS CORRECTION REQUESTED

1047342312



UNITED STATES POSTAGE
$ 00.41[0]
02 1P
0102402066  AUG 29 2007
MAILED FROM ZIP CODE 10471

DEMAND FOR RENT
NOTICE TO TENANT


AUGUST 24, 2007


TO:
    MAMBA GOUMBALA
    820 THIERIOT AVENUE     14G
    BRONX, NEW YORK 10473


TENANT OF THE ABOVE PREMISES:

TAKE NOTICE, THAT YOU ARE JUSTLY INDEBTED TO THE LANDLORD OF THE ABOVE-DESCRIBED PREMISES AS SET FORTH BELOW, WHICH YOU ARE REQUIRED TO PAY ON OR BEFORE THE EXPIRATION OF THREE (3) DAYS FROM THE DAY OF SERVICE OF THIS NOTICE, OR SURRENDER UP THE POSSESSION OF SAID PREMISES TO THE LANDLORD, IN DEFAULT OF WHICH THE LANDLORD WILL COMMENCE SUMMARY PROCEEDINGS UNDER THE STATUTE TO RECOVER THE POSSESSION THEREOF.

TAKE FURTHER NOTICE, THAT PURSUANT TO SAID AGREEMENT, THERE IS DUE TO LANDLORD FROM TENANT THE FOLLOWING:

    LATE 10.00, RENT JUY07 BAL 900.00,
    AUGUST07 1121.00 TOTAL 2031.00


BY: _____
          AGENT


FOR: __CAROL GARDENS ASSOC.___
           LANDLORD

EXHIBIT

2

State of New York, County of Bronx

PETER ZABEL, #744100, being duly sworn, deposes and says, that deponent is not a party to this proceeding, is over 18 years of age and resides at  Putnam   N.Y.

Deponent was unable to serve _____ Maria Counpata _____, respondent(s), by personal delivery.  The property sought to be recovered is No. _____ 2nd Theriet Ave _____, Apt. 146 , Bronx, N.Y. 10473. On _____ at  147  o'clock  P M. deponent served the within Demand for Rent:

SUBSTITUTED
SERVICE         by gaining admittance to said property and delivering to and leaving a copy thereof personally with _____ a person of suitable age and discretion, who was willing to receive same and who - resided - was employed - at said property

CONSPICUOUS
PLACE SERVICE    ☐  by affixing a copy thereof upon a conspicuous part, to wit: - the entrance door           of said property;

☒  by placing a copy thereof under the entrance door of such premises;
deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to receive same. After having called there previously on _____ at 720 Am

MAILING    and within 1 day thereafter, on _____      by mailing a copy thereof enclosed in a postpaid, properly addressed wrapper to each respondent at the property sought to be recovered which is respondent's residence or corporate respondent's principal office or principal place of business by certified-mail and by regular first class mail within N.Y.C.

DESCRIPTION:    hgt.    lbs.   yrs.   Sex    Hair    Ethnic    Skin    Other

SWORN TO BEFORE ME THIS
DAY OF

BARBARA CYBULSKI
Commissioner of Deeds
City of New York-No. 3-5080
Certificate Filed in BX County
Commission Expires Nov 1, 20__

PETER ZABEL #744100